UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PEARL RIVER NAVIGATION, INC.**                     **CIVIL ACTION**

**VERSUS**                                                              **No. 07-9616**

**IMPERIAL PETROLEUM, INC.**                        **SECTION I/4**

### ORDER AND REASONS

Before the Court is defendant Imperial Petroleum, Inc.'s motion to vacate and dissolve the writ of sequestration issued by the 25th Judicial District Court, Plaquemines Parish. Defendant argues that the basis for the writ, plaintiff's petition filed in state court, did not meet the requirements of the Louisiana Code of Civil Procedure. For the following reasons, defendant's motion is **GRANTED**.

### *BACKGROUND*

Plaintiff, Pearl River Navigation, Inc. ("PRNI"), is a Louisiana corporation providing labor and equipment to operators of oil and gas wells.[1] Defendant, Imperial Petroleum, Inc. ("Imperial"), is a Nevada corporation having an interest in certain wells located in the Coquille Bay Field near Buras, Louisiana.[2] Between May and August of 2006, plaintiff provided labor, equipment, machinery, and materials to defendant on open account for use at the Coquille Bay

---

[1] R. Doc. No. 1-1, compl., ¶¶ 1, 5.

[2] *Id.* at ¶¶ 2, 7. The parties disagree over whether defendant's interest in the wells is a "lease" or an "operating agreement." The distinction is not relevant for purposes of this motion.

1

Field.³  The total amount billed for the various services and equipment was $789,825, of which defendant allegedly paid only $237,125, leaving a balance due of $552,700.⁴

On August 1, 2007, plaintiff filed in the 25th Judicial District Court, Plaquemines Parish, a "Complaint for Money Judgment; To Recognize and Enforce Privilege; Writ of Sequestration and for Garnishment Under Sequestration."⁵  Plaintiff sought, *inter alia*, a writ of sequestration directing the Plaquemines Parish Sheriff to seize the wells' hydrocarbon production.⁶  On the same day that plaintiff filed its complaint, Judge William A. Roe authorized a writ of sequestration directing the Sheriff to take possession of the hydrocarbon production from eleven oil wells in the Coquille Bay Field, and to seize all monies owed to defendant by purchasers of hydrocarbon production from those wells.⁷

Defendant removed the state court action to this Court on December 18, 2007⁸ and on February 13, 2008, defendant filed its motion to vacate and dissolve the writ.⁹  In its motion, defendant argues that plaintiff's petition was legally deficient because it did not comply with the

---

³ *Id.* at ¶ 8.

⁴ Defendant disputes the accuracy of plaintiff's accounting, arguing that it was overcharged by plaintiff for the services and equipment provided.  R. Doc. No. 6-1, mem. opp., at 2 n.5.

⁵ The "Complaint for Money Judgment; To Recognize and Enforce Privilege; Writ of Sequestration and for Garnishment Under Sequestration" was the basis for the writ of sequestration.  For greater clarity, the Court will refer to this pleading as plaintiff's "petition."

⁶ R. Doc. No. 1-1, compl. ¶¶ 18-21.

⁷ R. Doc. No. 4-2, Exh. A.

⁸ R. Doc. No. 1.

⁹ R. Doc. No. 7.  In its motion, defendant seeks both dissolution of the writ and "damages, including reasonable attorneys' fees, arising out of, and caused by, [its] wrongful issuance."  R. Doc. No. 7, def.'s mot. to vacate, at 2.  However, defendant presents no argument or evidence to support its claim for damages.  The Court, therefore, declines to consider a damages award.

statutory requirements for a writ of sequestration. *See* LA. CODE CIV. PROC. ANN. arts. 3501, 3571 (2003). First, defendant argues that plaintiff's petition is defective because it was neither verified by nor accompanied by a separate affidavit of plaintiff, its counsel, or its agent. Second, defendant claims that plaintiff does not allege specific facts to support its contention that defendant has "the power . . . to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action," as required by statute. LA. CODE CIV. PROC. ANN. art. 3571. Plaintiff, meanwhile, first contends that the affidavit of its corporate president, attached to the petition, satisfies the verification requirement. Second, plaintiff responds that its allegations of a valid contract with defendant, defendant's breach thereof, and plaintiff's ensuing lien against the wells are sufficiently specific to support issuance of the writ.

## *LAW AND ANALYSIS*

**I.    Standard of Law**

Article 3501 of the Louisiana Code of Civil Procedure[10] provides, in pertinent, part:

> A writ of attachment or of sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent.

Meanwhile, Article 3571 sets forth the grounds upon which a writ may issue:

---

[10] Because the Court's subject matter jurisdiction in this case is premised upon diversity of citizenship, state law applies to the substantive issues before the Court. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188, 1194 (1938)). The issuance of the writ was based upon Louisiana law, and the parties do not dispute that state law applies to the motion before the Court.

> When one claims the ownership or right to possession of property, or a mortgage, security interest, lien, or privilege thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action.

The Louisiana Supreme Court has stated that Articles 3501 and 3571 create "an extremely harsh remedy which is only extended where the formalities of the law have been strictly and literally complied with." *Hancock Bank v. Alexander*, 237 So.2d 669, 672 (La. 1970); *see also Barnett Marine, Inc. v. Van Den Adel,* 694 So.2d 453, 458 (La. App. 5 Cir. 1997); *Burton v. Jardell,* 589 So.2d 610, 613 (La. App. 2 Cir.1991). "[I]t is a prerequisite to [the] issuance [of a writ] that the proper grounds be alleged and sworn to." *Hancock Bank*, 237 So.2d at 672. Pursuant to Article 3501, "the petition in support of the writ of sequestration must either be verified or supported by a separate affidavit attesting to the facts alleged in the petition." *Eaves v. Norwel, Inc.*, 570 So.2d 123, 128 (La. App. 3 Cir. 1990).

Upon motion of a defendant, Article 3506 permits dissolution of a writ "unless the plaintiff proves the grounds upon which the writ was issued." LA. CODE CIV. PROC. ANN. art. 3506 (2003). Once defendant has moved for dissolution, "[t]he plaintiff . . . is entitled to an evidentiary hearing in order to meet its statutory burden of proof before a writ of sequestration may be dissolved, and a trial court commits legal error if it dissolves such a writ ex parte." *Alemeida v. Taylor*, 699 So.2d 1121, 1123 (La. App. 1 Cir. 1997). Once the motion has been filed, plaintiff may not amend its petition to cure any defect. *See Hancock Bank*, 237 So.2d at 672 (holding that Articles 3501 and 3571 "will not permit an amendment once the defendant has moved to dissolve a conservatory writ"). At the hearing, plaintiff's "burden of proof consists of

two elements, the burden of persuasion and the burden of producing evidence." *Sarpy Props., Inc. v. Diamond Shoe Stores of La., Inc.*, 761 So.2d 769, 776 (La. App. 5 Cir. 2000) (emphasis removed). If plaintiff fails to meet this burden, the Court must enter an order of dissolution in favor of defendant. *Sarpy Props.*, 761 So.2d at 776.

**II.     Discussion**

*A.     Verification or Affidavit Requirement*

Plaintiff filed its petition in state court on August 1, 2007, accompanied by an "Oil Well Lien Affidavit," which was sworn to by its president, Allen Warriner, on February 5, 2007.[11] The petition itself was not verified, a fact undisputed by plaintiff. Meanwhile, the statements contained in the affidavit did not attest to the allegations in the petition, but were made nearly six months earlier for the purpose of securing a lien under the Louisiana Oil Well Lien Act. In the affidavit, Warriner states that "[t]he Oil Well Lien Affidavit is made for the purpose of securing the payment of the debt owed by [defendant] to [plaintiff] and . . . for the purpose of preserving [plaintiff's] lien and privileges."[12]

Article 3501 expressly requires either a verified petition or sworn affidavit setting forth the allegations in support of the desired writ. LA. CODE CIV. PROC. ANN. art. 3501. Plaintiff filed neither of the above in state court, but claims that Warriner's affidavit satisfies the statutory requirement. In *Eaves v. Norwel*, 570 So.2d 123 (La. App. 3 Cir. 1990), the court dissolved a writ of sequestration when the record was devoid of both a verified petition and "a separate

---

[11] R. Doc. No. 1-3, Exh. A, Warriner aff.

[12] *Id.* at ¶ 6.

affidavit attesting to *the facts alleged in the petition*." *Id.* at 128 (emphasis added). The requirement that a supporting affidavit attest to the allegations in the petition is not a mere formality. It forces plaintiff to state with specificity and under oath why the "harsh remedy" of sequestration should be allowed. Statements made six months earlier, when circumstances may have been quite different, cannot be used to support subsequent allegations of which the affiant may be unaware. *See, e.g.*, *Prevost v. Bergeron*, 70 So.2d 401, 402 (La. App. 1954) (sustaining a writ when a supporting affidavit "recites that all the allegations contained *in the petition* are true and correct" (emphasis added)). It is a "well-settled rule" that, failing strict compliance with the governing statutes, a writ of sequestration must not issue. *See Littleton v. Moss*, 914 So.2d 59, 61 (La. App. 4 Cir. 2005); *Matherne v. Matherne's Estate*, 341 So.2d 1254, 1257 (La. App. 1 Cir. 1977); *see also Godfrey v. Project Square 376*, 477 So.2d 920, 924-25 (La. App. 4 Cir. 1985) (rejecting plaintiff's attempt to add verification to a writ petition after the motion to dissolve had been filed). Here, plaintiff has failed to comply with Article 3501.[13]

## B. *Evidentiary Hearing*

Notwithstanding the procedural defects in its petition and accompanying affidavit, plaintiff submits that it is entitled to an evidentiary hearing prior to any dissolution of the writ.[14] Article 3506 states that a writ may be dissolved, "unless the plaintiff proves the grounds upon which the writ was issued." LA. CODE CIV. PROC. ANN. art. 3506. Were this Court to hold a

---

[13] In light of plaintiff's failure to file a verified petition or accompanying affidavit, the Court need not consider defendant's second argument: whether plaintiff's statement in the petition that defendant "has the power to conceal, dispose of, or waste the encumbered properties . . . during the pendency of this litigation," R. Doc. No. 1-1, compl., at ¶ 19, without more, will satisfy the clarity and specificity demands of Article 3501. The procedural defects in plaintiff's petition render that issue moot.

[14] R. Doc. No. 8, mem. opp., at 6-7.

hearing, and assuming plaintiff could produce convincing evidence, the fatal procedural defects underlying the writ would persist. In other words, the improperly issued writ cannot survive, regardless of whether a formal hearing is held. An evidentiary hearing is, therefore, denied, without prejudice to plaintiff's right, following proper procedures, to seek appropriate relief in this Court.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the motion to vacate and dissolve filed on behalf of defendant, Imperial Petroleum, Inc., is **GRANTED**. The writ of sequestration issued by the 25th Judicial District Court, Plaquemines Parish pursuant to its order of August 1, 2007 is **DISSOLVED**.

New Orleans, Louisiana, July 9, 2008.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE